UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HERMAN PAUL CUMBY,<br>    Plaintiff,<br><br>v.<br><br>AMERICAN MEDICAL RESPONSE, INC.,<br>AMERICAN MEDICAL RESPONSE<br>OF MASSACHUSETTS, INC., EDWARD<br>VAN HORNE, DAVID L. PELLETIER,<br>JOHN DOE and JANE DOE<br>EMERGENCY MEDICAL TECHNICIANS,<br>    Defendants. | Civil Action Number 3:18-cv-30050 |

**MOTION TO DISMISS**

The plaintiff refused treatment by EMTs and transport to the hospital following an alleged early-morning attack by off-duty Springfield police officers after the officers and the plaintiff had left a local tavern. Now, Mr. Cumby brings this lawsuit against an ambulance company to recover for alleged injuries sustained during the intervening few hours between the time the plaintiff drove himself to his cousin's home and his visit to the hospital. Specifically, he brings this action against (1) the EMTs, who are statutorily immune from negligence claims pursuant to G.L. c. 111C, § 21, (2) the EMTs' employer, American Medical Response of Massachusetts, Inc. ("AMR of Mass.") for an intentional tort based on allegations of substandard, negligent medical treatment, (3) the employer's general manager, David Pelletier, who was not involved in the treatment, (4) the parent corporation of the employer, American Medical Response, Inc. ("AMR"), a foreign entity with no ties to the Commonwealth and no involvement in the treatment, and (5) the corporations' president, Edward Van Horne, who similarly has no connection to Massachusetts or the treatment.

Pursuant to Federal Rule of Civil Procedure 12(b)(2), AMR and Edward Van Horne must be dismissed because this Court lacks personal jurisdiction over these foreign defendants. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the following claims and defendants must be dismissed:

- the negligence and negligent infliction of emotional distress causes of action against the two EMTs (Counts I & II) because these actions are barred by the Massachusetts statute that proscribes negligence actions against EMTs, G.L. c. 111C, § 21;

- AMR, Edward Van Horne, and David Pelletier (Counts IV, V, & VI) because there is no allegation that any of these defendants employed the EMTs or were involved in the treatment, and these defendants did not have a legal duty to properly hire, train, or supervise the EMTs;

- Edward Van Horne and David Pelletier because neither an officer nor managing agent of a corporation can liable based solely on his position, *Addis v. Steele*, 38 Mass. App. Ct. 433, 439 (1995);

- the intentional infliction of emotional distress causes of action against AMR, AMR of Mass., Edward Van Horne, and David Pelletier (Count VI) because the plaintiff alleges negligent, not intentional, conduct;

- the intentional infliction of emotional distress causes of action against the EMTs (Counts III) because the plaintiff's allegations are conclusory and do not allege facts sufficient to support the elements of the claim;

- the 42 U.S.C. § 1983 civil rights causes of action (Counts VII & VIII) because none of the defendants are state actors and the plaintiff fails to allege non-conclusory facts to bring private actors within the ambit of the statute; and

- the Massachusetts civil rights cause of action (Count IX) because the plaintiff does not allege that any defendant threatened, intimidated or coerced the plaintiff, or attempted to do so, G.L. c. 12, § 11H.

Only the unmeritorious negligence claim against AMR of Mass. can survive this motion to dismiss.

For these reasons and those set forth in the accompanying memorandum of law, the defendants' motions to dismiss should be allowed.  AMR, Edward Van Horne, David L. Pelletier, and the EMTs (along with all counts related to them) should be dismissed from this lawsuit and the intentional infliction of emotional distress cause of action against AMR of Mass. should be dismissed.

Respectfully submitted,

AMERICAN MEDICAL RESPONSE OF MASSACHUSETTS, INC., DAVID L. PELLETIER, AMERICAN MEDICAL RESPONSE, INC., and EDWARD VAN HORNE

By their attorneys,

/s/ Andrew D. Black
Barbara Hayes Buell (BBO No. 063480)
Andrew D. Black (BBO No. 669839)
Smith Duggan Buell & Rufo LLP
55 Old Bedford Road
Lincoln, MA 01773
(617) 228-4400
Barbara.Buell@SmithDuggan.com
Andrew.Black@SmithDuggan.com

Dated:  September 6, 2018

## LOCAL RULE 7.1 CERTIFICATION

I certify that on September 6, 2018 counsel for the parties conferred and attempted in good faith to resolve or narrow the issue presented in this motion.

/s/ Andrew D. Black

## CERTIFICATE OF SERVICE

I hereby certify that, on this 6th day of September 2018, I electronically filed the foregoing document through the CM/ECF system, which will send notification to the registered participants as identified on the Notice of Electronic Filing, and, on this day, I will cause a copy to be mailed to each of those indicated as non-registered participants.

/s/ Andrew D. Black